THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SNO-KING WATERSHED COUNCIL, et al., | CASE NO. C16-318-JCC |
| Plaintiffs, | ORDER GRANTING STIPULATED CONSENT DECREE |
| v. | |
| SNOHOMISH COUNTY, | |
| Defendant. | |

This matter comes before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties (Dkt. No. 11). Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS as follows:

1.      This court has jurisdiction over the parties and subject matter of this action.

2.      Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3.      This Consent Decree applies to and binds the parties and their successors and assigns.

4.      This Consent Decree applies to the operation, oversight, or both by Defendant of activities at the two sites, located at 2600 100th Street SW, Everett, WA 98204, on the south side of 100th St. SW, between Airport Road to the west and 23rd Ave. W. to the east. The first site, "Site 1," comprises approximately seven acres within Tax Parcel Nos. 28042300201800,

28042300201900, 28042300202000 and 28042300202100. Site 1 is a roughly rectangular shape, and is immediately adjacent to and east of the second site, "Site 2." Site 2 comprises approximately four acres within Tax Parcel No. 28042300201800, within a roughly square shape. Both sites are owned by defendant Snohomish County and front directly on 100th St. SW, and are depicted in Attachment A to this Consent Decree.

5.      This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from conditions and activities at Site 1 and Site 2. These claims are released and dismissed with prejudice.  Enforcement of this decree is Plaintiffs' exclusive remedy for any violation of its terms.

6.      This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Plaintiffs in this case or of any fact or conclusion of law related to those allegations.

7.      The parties agree to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

    A. Snohomish County will immediately withdraw or cause to be withdrawn the following applications for permits or modifications of permits currently pending before the Snohomish County Department of Planning and Development Services ("PDS"):

    i.    Permit application #15-107054 LDA Paine Field Wetland ERR;

    ii.   Permit application #15-107054 WMD Paine Field Wetland ERR; and

    iii.  Permit #16-100848 LDA (100th Street SW Parking Lot).

    B. Not later than ten days following the entry of this Consent Decree, the County will submit a letter to the Washington State Department of Ecology and the Pollution Control Hearing Board withdrawing the Paine Field Wetland ERR Project approved by Ecology in Administrative Order number 11627; the County will submit a letter to the

U.S. Army Corps of Engineers withdrawing the Paine Field Wetland ERR Project approved by Corps permit number NWS-2014-796; and the County will submit a letter to the Washington Department of Fish and Wildlife withdrawing its Hydraulic Project Approval permit number 2015-4-569+01.  The County will transmit copies of these letters to Plaintiffs.

    C. The County will ensure the following tasks are performed at Site 2 by October 15, 2016:

    i.   Remove all straw and any remaining crushed rock.

    ii.   Till and amend the soil in Site 2 consistent with Snohomish County Drainage Manual (2016 edition) Best Management Practice T5.13.

    iii.   Hydroseed Site 2 consistent with Snohomish County Drainage Manual (2016 edition) Best Management Practice C120: Temporary and Permanent Seeding, Vol. II. The Airport shall use Snohomish County Airport/Paine Field Hydroseed mix ("Airport Hydroseed"), comprised of (by weight) 3-Way Golf Course Ryegrass Blend (60%), Chewing Fescue (25%), and Creeping Fescue (15%).  At the same time Site 2 is hydroseeded, bonded fiber matrix also will be applied.

    iv.   Once the site has stabilized, remove all temporary erosion control measures, including straw wattles, silt fences, and compost socks in adjacent ditches.

    D. The County will provide written or electronic notice to Plaintiffs once all actions under permit #15-102936 have been completed.  PDS and Plaintiffs will schedule a mutually agreeable date for PDS to conduct a final inspection of Site 2.  Plaintiffs may attend the final inspection of Site 2.  PDS has final authority over whether to approve the final inspection.

    E. The County will cause appropriate temporary stabilization best management practices to be effectively implemented at Site 1, pending full site restoration.

    F. The County will ensure a new land disturbing activity (LDA) permit application

ORDER GRANTING STIPULATED CONSENT DECREE
PAGE - 3

for remediation of Site 1 is promptly submitted to PDS.  The application will contain the following items:

    i.    Remove all crushed rock surfacing, except for that area described in F.iv. below.

    ii.    Till and amend the soil in Site 1 consistent with Snohomish County Drainage Manual (2016 edition) Best Management Practice T5.13, except for that area described in F.iv. below.  The grading of Site 1 will be engineered in a manner intended not to create standing water that may attract water fowl.

    iii.   Prior to October 15, 2016, hydroseed the area in Site 1, except for that area described in F.iv. below, consistent with Snohomish County Drainage Manual (2016 edition) Best Management Practice C120: Temporary and Permanent Seeding, Vol. II.  The County will use Airport Hydroseed.

    iv.   Site 1 is subject to a lease with Verizon Wireless for non-exclusive access between the Verizon cell tower proposal approved by permit #14-110886 (Verizon Wireless Sector 3 Paine Field) and public right-of-way.  The LDA permit application for remediation of Site 1 will provide for the continued existence of a gravel access road sited in compliance with SCC 30.62A.320(1)(a) through (h) and (2); however, the location of the gravel access road may differ from the location depicted in permit #14-110886 as determined by the County.

    G. Upon issuance of the new LDA permit for Site 1, the County will act in good faith to complete all work approved in the permit by October 15, 2016.  However, if such work is not completed by October 15, 2016, Site 1 soils will be stabilized no later than October 15, 2016, for the duration of the wet season through April 30, 2017.  All work approved in the new LDA permit for Site 1 shall be completed by no later than October 1, 2017.  To increase the probability that work can be completed by October 15, 2016, Plaintiffs agree not to file any administrative or legal appeals related to issuance of the new LDA permit for Site 1.

H. The County will provide written or electronic notice to Plaintiffs once all actions under the new LDA permit for Site 1 have been completed.  PDS and Plaintiffs will schedule a mutually agreeable date for PDS to conduct a final inspection of Site 1. Plaintiffs may attend the final inspection of Site 1.  PDS has final authority over whether to approve the final inspection.

I.  The County will promptly execute and record a conservation easement, included as Attachment B to this Consent Decree, to preclude the use of Wetland ERR or any part thereof as a stormwater detention holding pond or for any other project that would impair Wetland ERR's values or functions.  The property subject to the conservation easement is depicted in Attachment B, Ex. B.  The required performance of this term is subject to two contingencies: (1) the initial agreement and release of the property from federal obligations by the Federal Aviation Administration (FAA), which the County will use its best efforts to obtain without delay; and (2) future demand by Sound Transit for use of all or part of Wetland ERR for regional transportation infrastructure.  If the FAA does not release the property from federal obligations, the County is discharged from performing this term upon prompt notice to Plaintiff, and will instead, within sixty days of recognizing that the FAA has withheld release, pay an additional $50,000 (FIFTY THOUSAND DOLLARS) to EarthCorps towards the environmental benefit project described in paragraph 8 of this Consent Decree, which funds may be expended on improvements of the nature described outside the Swamp Creek watershed, so long as they are within either Snohomish County or the Lake Washington watershed.

J.  Not later than October 1, 2017, the County will modify the culvert under the Verizon cell tower access road to prevent overtopping and rilling of surface flow.

8.     Not later than 30 days after the entry of this Consent Decree, Snohomish County will pay $125,000 (ONE HUNDRED, TWENTY-FIVE THOUSAND DOLLARS) to EarthCorps, as described in Attachment C to this Consent Decree, for environmental benefit

projects in the Snohomish County Swamp Creek watershed.  Payment will be made to the order of and delivered to EarthCorps.  Payment shall include the following reference in a cover letter or on the check: "Consent Decree, Sno-King Watershed Council and Waste Action Project v. Snohomish County."  A copy of each check and cover letter, if any, shall be sent simultaneously to Plaintiffs.

9.      Snohomish County will pay Plaintiffs' reasonable attorney and experts' fees and costs in an amount not to exceed $35,000, as indicated by invoices for attorney and expert witness fees and costs to be submitted to Snohomish County's counsel. Payment will be made within 7 days of the entry of this decree or receipt of the fee documentation, whichever comes later, by check payable and mailed to Smith & Lowney, PLLC, 2317 E. John Street, Seattle, Washington 98112, attn: Richard Smith. This payment is full and complete satisfaction of any claims Plaintiffs may have under the Clean Water Act for fees and costs.

10.     A force majeure event is any event outside the reasonable control of Snohomish County that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Snohomish County notifies Plaintiffs of the event; the steps that Snohomish County will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Snohomish County will notify Plaintiffs of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event.  In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a.      Acts of God, war, insurrection, or civil disturbance;

ORDER GRANTING STIPULATED CONSENT
DECREE
PAGE - 6

| | |
|---|---|
| 1 | b. Earthquakes, landslides, fire, floods; |
| 2 | c. Actions or inactions of third parties over which defendant has no control; |
| 3 | d. Restraint by court order or order of public authority; |
| 4 | e. Strikes; and |
| 5 | f. Litigation, arbitration, or mediation that causes delay. |

6    11.    This court retains jurisdiction over this matter. While this decree remains in force,

7  this case may be reopened without filing fee so the parties may apply to the Court for any further

8  order that may be necessary to enforce compliance with this decree or to resolve any dispute

9  regarding the terms or conditions of this decree. In the event of a dispute regarding

10  implementation of, or compliance with, this decree, the parties must first attempt to resolve the

11  dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.

12  Such a meeting should be held as soon as practical but must be held within thirty (30) days after

13  notice of a request for such a meeting to the other party and its counsel of record.  If no

14  resolution is reached at that meeting or within thirty (30) days of the notice, whichever occurs

15  first, either party may file a motion with this court to resolve the dispute. The provisions of

16  section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of

17  litigation (including reasonable attorney and expert witness fees) to any prevailing or

18  substantially prevailing party, shall apply to any proceedings seeking to enforce the terms and

19  conditions of this Consent Decree.

20    12.    The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent

21  judgment can be entered in a Clean Water Act suit in which the United States is not a party prior

22  to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the

23  U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the signing of

24  this Consent Decree by the parties, Plaintiffs shall serve copies of it upon the Administrator of

25  the U.S. EPA and the Attorney General.

26    13.    This Consent Decree takes effect upon entry by the court.

14.     This Consent Decree terminates upon the County's completion of the actions in Paragraphs 7, 8, and 9 of this decree, except that the County's commitments regarding actions to be taken in the event of contingencies as described in paragraph 7.I. of this Consent Decree remain in effect as part of an enforceable contract between the parties.  After completing the actions in Paragraphs 7, 8, and 9 of this Consent Decree, the County will serve upon Plaintiffs a Notice of Intent to Terminate the Consent Decree.  Plaintiffs and the County shall confer informally concerning the Notice and any disagreements as to compliance.  If Plaintiffs agree that the County has completed the actions in Paragraphs 7, 8, and 9, the parties shall submit, for the Court's approval, a joint stipulation regarding termination.  If Plaintiffs do not agree that the County has completed the actions in Paragraphs 7, 8, and 9, the County may serve and file a motion seeking termination of the Consent Decree.

15.     This Consent Decree may not be used as evidence in any proceeding or as an admission or adjudication with respect to any allegations in the Complaint or any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint.

16.     Both parties have participated in drafting this decree.

17.     This Consent Decree may be modified only upon the approval of the court.

18.     If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of Defendant or Plaintiffs.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

19.     Notifications required by this Consent Decree must be in writing.  The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail.  For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a

1    notice in accordance with this paragraph 19.

2          Richard A. Smith
3          Smith & Lowney PLLC
           2317 East John St.
4          Seattle, WA  98112
           Email: rasmithwa@igc.org
5

           **and to:**
6

7          Pamela S. Van Swearingen
           Van Swearingen Law Office
8          18229 84th Pl. W.
           Edmonds, WA 8026
9          Email: pamela-vs1@comcast.net

10         **if to Snohomish County**:

11
           Arif Ghouse, Director, Snohomish County Airport
12         3220 100th Street SW,
           Everett, WA 98204
13         Email: Arif.Ghouse@co.snohomish.wa.us

14         and to:

15         Christina Richmond
           Laura Kisielius
16         Snohomish County Prosecutor's Office, Civil Division
           3000 Rockefeller Ave., M/S 504
17         Everett, WA 98201
18         Email: lkisielius@snoco.org, crichmond@snoco.org

19         A notice or other communication regarding this Consent Decree will be effective when

20   received unless the notice or other communication is received after 5:00 p.m. on a business day,

21   or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the

22   next business day.  A notice or other communication will be deemed to have been received: (a) if

23   it is delivered in person or sent by registered or certified mail or by nationally recognized

24   overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the

25   receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a

26   change in address for which no notice was given, then upon that rejection, refusal, or inability to

ORDER GRANTING STIPULATED CONSENT
DECREE
PAGE - 9

1  deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing

2  notice or other communication regarding this Consent Decree.

3       DATED this 9th day of November 2016.

4

5

6

7

8

9

10       John C. Coughenour
         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING STIPULATED CONSENT
DECREE
PAGE - 10